Ransom HARRISON, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, et al., Defendants.

Civ. A. No. 87–0809.

United States District Court, District of Columbia.

Oct. 21, 1987.

Craig Becker, Kirschner, Weinberg & Dempsey, Washington, D.C., for plaintiffs.

Kathleen A. Carey, Asst. Corp. Counsel for District of Columbia, Washington, D.C., for defendants.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

Plaintiffs, several hundred employees of the government of the District of Columbia, brought this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201–209 (1982) (FLSA), alleging failure to comply with the overtime provisions of the Act. The District admits that until the first pay period of September, 1987, it unlawfully failed to include such premiums as shift differential and hazardous duty pay in the "regular rate" of pay on which overtime compensation was based. At issue is the extent of the District's liability for back wages, damages, interest, attorney's fees, and costs under 29 U.S.C. § 216(b). Upon consideration of the plaintiffs' motion for summary judgment as to liability, defendants' response, the entire record in this matter, and oral argument of counsel, the Court shall grant plaintiffs' motion for

summary judgment, as more particularly specified herein.

## BACKGROUND

This lawsuit has its origins in the Supreme Court's decisions in *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976), and the case that overturned it, *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). In 1974, Congress amended the Fair Labor Standards Act to reach state and local governments, including the District of Columbia, which is defined as a state in 29 U.S.C. § 203(c) (" 'State' means any State of the United States or the District of Columbia or any Territory or possession of the United States.").

In 1976, the Supreme Court determined that this attempt to exercise Commerce Clause powers failed in the face of the tenth amendment's reservation of powers to the states. *National League of Cities v. Usery*, 426 U.S. 833, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). The question then arose whether the District of Columbia, like the states in their exercise of traditional government functions, was excluded from the FLSA by *National League of Cities*. The question was answered in *Association of Court Reporters v. Superior Court*, 424 F.Supp. 90 (D.D.C.1976) (Parker, J.).

Judge Parker held that the overtime pay provisions of the FLSA did not apply to the District of Columbia in light of *National League of Cities*. 424 F.Supp. at 93. His ruling was not based on a theory that the District was a state for purposes of the tenth amendment. Rather, his opinion appears grounded in the conclusion that Congress intended to treat the District like a state for most purposes. His logic appeared to be that Congress would not have wanted the FLSA to extend to the District if it could not reach the states and local governments:

While it may be too much to read into that opinion [*National League of Cities*] that the District of Columbia is a state for purposes of the FLSA, there are per-

suasive arguments against its applicability here. The 1973 D.C. Self Government and Reorganization Act, for example, was enacted with the express purpose of granting D.C. residents the power of self government and to reorganize their local government with an eye toward "... reliev[ing] Congress of the burden of legislating upon essentially local District matters." 1 D.C.Code § 121(a). It is instructive that the Court observed in *National League of Cities* that the determination of policy relative to employer-employee relationships was traditionally a local matter. That same Act allows the District Government to participate with the federal government on the same basis as a state with respect to public employment services and claims filed by D.C. government employees under the Federal Employment Compensation Act.

Certain provisions of the D.C. Court Reorganization Act of 1970 further evidence Congress' intent to afford the District sovereignty in this area.

424 F.Supp. at 93 (footnotes omitted).

The Supreme Court overruled *National League of Cities* when it handed down *Garcia* on February 19, 1985. Congress, aware of potential hardship that might result from immediate application of the FLSA to state and local governments, adopted amendments that delayed application of the Act to the states until April 15, 1986. Pub.L. No. 99–150, § 2(c)(1), 99 Stat. 788 (1985). In addition, Congress delayed the requirement for actual payment of overtime compensation until August 1, 1986. Pub.L. No. 99–150, § 2(c)(2), 99 Stat. 789 (1985). The House Report explained the purpose of the amendments:

The Committee has deferred application of the Act's overtime provisions until exactly one year after the mandate in *Garcia* so that state and local governments may make appropriate adjustments in their work practices, staffing patterns, and fiscal priorities. Further, because many state and local governments begin their fiscal years on July 1, the amendments allow actual payment of monetary

overtime compensation to be delayed until August 1, 1986 *without penalty.* Liability, however, in all instances will commence on April 15, 1986. H.R.Rep. No. 331, 99th Cong., 1st Sess. 27 (1985) (emphasis added). The Senate report states a similar rationale for the lead-time amendment. *See* S.Rep. No. 159, 99th Cong., 1st Sess. 8 (1985), U.S.Code Cong. & Admin.News 1985, pp. 651, 656.

The penalty provision referred to in the reports is set forth at 29 U.S.C. § 216(b) and provides that an employer who violates the overtime provisions and is sued by the employee "shall be liable to the employee or employees affected in the amount of the unpaid ... overtime compensation ... and in an additional equal amount as liquidated damages." Additionally, § 216(b) provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

The District maintains that Pub.L. No. 99–150 applies to D.C. government and concedes that it is liable for:

1) Back pay under the overtime provisions commencing on April 15, 1986, until it complied with the Act in the first pay period in September, 1987;

2) As liquidated damages under § 216(b), an additional amount equal to the back pay from August 1, 1986, until the first pay period in September, 1987.

3) Reasonable attorney's fees and the costs of the action.

Plaintiffs initially sought an award of prejudgment interest on the unpaid compensation *in addition to* liquidated damages. However, they now concede that in light of *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697, 707–14, 65 S.Ct. 895, 902–05, 89 L.Ed. 1296 (1945), and *Lopez v. Rodriguez,* 668 F.2d 1376, 1381 n. 10 (D.C.Cir. 1981), interest is inappropriate when a full measure of liquidated damages is provided.

## DISCUSSION

■ Plaintiffs argue that *Court Reporters* was wrongly decided and that the Fair Labor Standards Act has applied to the District of Columbia government without interruption since 1974. They argue that liability extends at least two years, and possibly three years if the Court finds the violation to be "willful" under 29 U.S.C. § 255(a).

The Court declines plaintiffs' invitation to overrule *Court Reporters* some 11 years after it was decided. Judge Parker's view of the intent of Congress concerning application of the FLSA to the District government is as sound today as it was then. Additionally, Congress had ample opportunity to make its wishes known if *Court Reporters* was wrongly decided, as the tenth amendment was no impediment to regulating the District of Columbia. The District's obligation to comply with the overtime provisions of the Fair Labor Standards Act began on April 15, 1986.

■ One issue raised at oral argument remains to be decided: whether the District should be required to pay interest on back wages owed its employees on August 1, 1986, at the expiration of the grace period provided by Congress. The Court concludes that the employees have been unlawfully deprived of that money and an award of prejudgment interest is appropriate to make them whole. Interest beginning August 1, 1986, shall be calculated in the same manner and at the same rate that the Clerk of this court has calculated post-judgment interest for the same period. This is not inconsistent with the intent of Congress in adopting the 1985 amendments. The grace period ended on August 1, 1986; denying prejudgment interest would have the effect of extending the grace period indefinitely.

ORDERED that plaintiffs' motion for summary judgment as to liability is GRANTED; and it is

FURTHER ORDERED that

1) Defendants are liable for unpaid compensation for overtime from April 15, 1986, until the first pay period of September, 1987;

2) Defendants are liable, as liquidated damages, for an additional amount equal to

the unpaid compensation for overtime from August 1, 1986, until the first pay period of September, 1987; and

3) Additionally, defendants shall pay interest on the unpaid compensation for overtime owing on August 1, 1986, calculated at the rate and in the manner used by the Clerk of this court to compute post-judgment interest in the same time period;

4) Defendants are liable for plaintiffs' reasonable attorney's fees and costs in this matter;

5) Defendants shall provide plaintiffs' counsel with information about those employees due back pay under the terms of this Order;

6) Counsel for defendants shall file within 15 days of the date of this order an affidavit stating when the District began complying with the overtime provisions of the FLSA; and

7) Counsel for plaintiffs and defendants shall confer on matters left unresolved by this Order, including discovery remaining to be taken and determination of attorney's fees, and shall file not later than 30 days from the date of this Order a *joint* plan for the further scheduling of this case.