AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, LOCAL 3721, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Oscar E. WESTFALL, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Ransom HARRISON, et al., Plaintiffs,

v.

DISTRICT OF COLUMBIA, Defendant.

Civ. A. Nos. 88–1028, 87–2275 and 87–0809.

United States District Court, District of Columbia.

April 12, 1989.

See also 715 F.Supp. 391.

Beth S. Slavet, Washington, D.C., for American Federation of Govt. Employees, Local 3721.

Bruce Brennan, Asst. Corp. Counsel, D.C., Washington, D.C., District of Columbia Fire Dept.

Kathleen A. Carey, Asst. Corp. Counsel, D.C., Washington, D.C., for Marion S. Barry, Jr., Mayor, and District of Columbia.

John J. Sullivan and Robert D. Lenhard, Kirschner, Weinberg & Dempsey, Washington, D.C., for Oscar E. Westfall.

Harold Craig Becker, John C. Dempsey and Robert D. Lenhard, Kirschner, Weinberg & Dempsey, Washington, D.C., for Ransom Harrison, et al.

Kathleen A. Carey and Wayne C. Witknowski, D.C. Corp. Counsel, for District of Columbia General Hosp.

## MEMORANDUM OPINION AND ORDER

THOMAS F. HOGAN, District Judge.

These cases raise various aspects of the District of Columbia's obligation to comply with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–209 (1982).[1] *Harrison* and *AFGE* are presently before the Court on two calculation issues. First, plaintiffs allege that the District is failing to calculate the overtime rate as one and one-half times the "regular rate" as required by section 7(a)(1) of the Act. Second, plaintiffs allege that the District is improperly offsetting compensation paid to employees for annual and sick leave against the damage amounts due those employees for overtime under the Act. The Court directed the parties to rebrief the issues and conducted a hearing on April 11, 1989. The Court has spent considerable time on the first calculation issue—which is more fit for accountants than lawyers—and is now prepared to rule upon it. The Court shall reserve judgment on the second issue, however, pending the District's response to the affidavit of plaintiffs' accountant.

The overtime calculation issue raises the District's obligation to comply with the FLSA's directive that "no employer shall employ any of his employees ... for a

---

1. *Harrison* and *Westfall* have been separately consolidated with *AFGE*, but not with each other.

workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). There are two components to this obligation: first, the so-called "regular rate" must be calculated; second, the regular rate must then be used to calculate overtime compensation. The present dispute implicates both of these components.

The Regulations provide in terms even a layman could understand that "[t]he regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; *see also* 29 U.S.C. § 207(e) (regular rate with seven exclusions is "deemed to include all remuneration for employment paid to, or on behalf of, the employee"). The District has admitted and the Court has held that certain forms of "premium pay" must be included in the regular rate. *Harrison v. District of Columbia*, 674 F.Supp. 34 (D.D.C.1987). The present dispute arises from the District's contention that it does not have to include such premium pay in the calculation of both the regular rate and the overtime rate.[2] The District's contention, however, is simply wrong.

Under FLSA, the overtime rate cannot be divorced from the regular rate, as the District suggests. The overtime rate is simply a multiple of the regular rate. Plaintiffs are thus perfectly correct in their contention that premium pay is factored into *both* the regular rate and the overtime rate. The District's apparent concern with "double counting" is specifically addressed in the Act. That is, certain forms of premiums, such as, most obviously, an overtime premium, are *excluded* from the calculation of the regular rate to avoid counting them twice. *See* 29 U.S.C. § 207(e)(5). Other premiums, however, such as those involved

here, are *not* excluded from the regular rate, and double counting is therefore not an issue. Moreover, once the regular rate is determined, the calculation of overtime compensation becomes a matter of basic arithmetic.

The parties' most recent submissions indicate that they agree on this basic arithmetic. Nonetheless, at argument both counsel insisted that the method of calculation adopted by the District will not always lead to the same result in cases where premium pay is not paid for all the hours worked. In the Court's analysis, however, both sides are wrong in this regard. As demonstrated below, it makes no difference how much and for what hours a premium is paid, as long as it is properly added into the regular rate.

Both parties cite to an example used in the Regulations. That example, captioned "Hourly rate and bonus," provides as follows:

> If the employee receives, in addition to his earnings at the hourly rate [assumed to be $6], a production bonus of $9.20, the regular hourly rate of pay is $6.20 an hour (46 hours at $6 yields $276; the addition of the $9.20 bonus makes a total of $285.20; this total divided by 46 hours yields a ["regular"] rate of $6.20). The employee is then entitled to be paid a total wage of $303.80 for 46 hours (*46 hours at $6.20 plus 6 hours at $3.10, or 40 hours at $6.20 plus 6 hours at $9.30*).

29 C.F.R. § 778.110(b) (emphasis added).

The two calculation options in the underscored language provide the key to the parties' misunderstanding. The first method involves multiplying the *total* number of hours worked (*i.e.*, both nonovertime and overtime hours) times *once* the regular rate and then adding to that figure the overtime hours times *half* the regular rate. The second method involves multiplying the *nonovertime* hours times *once* the regular rate and then adding to that figure the overtime hours times *one and one-half* the

---

**2.** The District makes this argument because, under its pay rules, certain premiums are *not* der its pay rules, certain premiums are *not* payable for overtime hours.

regular rate. Properly applied, however, both methods will render the same results to a mathematical certainty. For, under either method, the regular rate is ultimately multiplied by one and one-half. While the Court, like plaintiffs, finds the second method more intuitively appealing, as it parallels the language of the statute, the first method, adopted by the District, is no less correct.[3]

A few examples will illustrate the point. The District posits the example of an employee who earns $10 an hour and a 40¢ an hour dirty pay premium and who in one week works 40 nonovertime hours, for 20 of which he receives dirty pay, and 10 hours of overtime, for all of which he receives dirty pay. The employee has thus earned $10 an hour straight time pay for a total of 50 hours plus 40¢ an hour premium pay for 30 hours. His regular rate, both parties would agree, is calculated by taking the employee's total remuneration, including the premium pay, and dividing it by the hours worked, as follows:

| 40 hours | × | $10 | = | $400 | (nonovertime hours times straight time rate) + |
| 10 hours | × | $10 | = | $100 | (overtime hours times straight time rate) + |
| 30 hours | × | $.40 | = | $12 | (hours at premium rate) |
| TOTAL | | | = | $512 | ÷ 50 hours = $10.24 (regular rate, *i.e.*, total remuneration divided by total hours) |

This calculation does *not* depend on the specific hours to which the premium pay applies—*all* remuneration is pooled together in calculating the regular rate. The issue then becomes how this $10.24 regular rate is used.

Under the District's method, overtime compensation for this employee would then be calculated as follows:

| 50 hours | × | $10.24 | = | $512 | (total hours times regular rate) + |
| 10 hours | × | $ 5.12 | = | $51.20 | (overtime hours times ½ regular rate) |
| TOTAL | | | = | $563.20 | |

Under plaintiffs' method the same result would be reached as follows:

| 40 hours | × | $10.24 | = | $409.60 | (nonovertime hours times regular rate) + |
| 10 hours | × | $15.36 | = | $153.60 | (overtime hours times 1½ regular rate) |
| TOTAL | | | = | $563.20 | |

Correctly applied, therefore, the methods espoused by the parties yield the same numerical results, and it is not the Court's role to choose between them.

**3.** The District correctly notes that the Regulations also state that "[f]or his overtime work [an employee] must be paid, in addition to his straight time hourly earnings, a sum determined by multiplying one-half [*i.e.*, not "one and one-half"] the hourly rate by the number of hours worked in excess of 40 in the week." 29 C.F.R. § 778.110(a). Plaintiffs' counsel argues that this example is "totally irrelevant" because it applies only to earnings at an hourly rate exclusively. Counsel misses the point, however. The mathematical principle remains the same, *i.e.*, when overtime hours have already been compensated at *once* the regular rate (which is what is meant by "hourly rate" in the example), the "additional" compensation due is at *half* the regular rate.

**4**

The District's brief erroneously asserts, however, that plaintiffs would calculate the total amount at $565.60, as follows:

| | | | | |
|---|---|---|---|---|
| 40 hours | × | $10.00 | = | $400.00 (nonovertime hours times straight time rate) + |
| 30 hours | × | $ .40 | = | $ 12.00 (hours at premium rate) + |
| 10 hours | × | $15.36 | = | $153.60 (overtime hours times 1½ regular rate) |
| TOTAL | | | = | $565.60 |

This is not the method adopted by plaintiffs, and its error is plain. That is, this method inexplicably abandons the previously calculated regular rate in favor of two addends which go into the weighted average used to *determine* the regular rate.

There remains the factual question raised by plaintiffs regarding what method the District is, in fact, now using. The Court has above detailed at length the proper calculations. It is now incumbent upon the District to establish, in cooperation with plaintiffs' sampling of employee files, that it is properly calculating overtime compensation. Accordingly, it is this 12th day of April, 1989,

ORDERED that defendants shall forthwith make additional randomly-selected files available to plaintiffs for verification of the calculation methods used and shall report to the Court on the steps taken at the status conference set for May 8, 1989, at 9:00 A.M., in Courtroom 9.