**Paul WYLAND, et al., Plaintiffs,**

v.

**DISTRICT OF COLUMBIA GOVERNMENT, Defendant.**

**Civ. A. No. 88–2051.**

United States District Court, District of Columbia.

Jan. 10, 1990.

Carlos M. Recio, Deso, Greenberg & Thomas, Washington, D.C., for plaintiffs.

Eugene A. Adams, Office of the Corp. Counsel, Washington, D.C., for defendant.

## MEMORANDUM ORDER

JOHN H. PRATT, District Judge.

Plaintiffs, certain District of Columbia police officers at or below the rank of

sergeant, brought this action against the District of Columbia (the "District") for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1982), *as amended by* Pub.L. No. 99–150 (1985). The District has conceded liability in light of our seminal June 1988 decision in *D'Camera v. District of Columbia*, 693 F.Supp. 1208 (D.D.C. 1988) ("*D'Camera I*"), and the measure of damages owed plaintiffs is governed by our October 1989 opinion in that same case. *See D'Camera v. District of Columbia*, 722 F.Supp. 799 (D.D.C.1989) ("*D'Camera II*"). The only remaining issue, which bears on the period of violation for which plaintiffs may recover, concerns the applicable statute of limitations.

Under the FLSA, the ordinary statute of limitations is two years, but for a willful violation, an action may be brought within three years after the cause accrues. *See* 29 U.S.C. § 255(a). A violation is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . . ." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988).

Plaintiffs have moved for a declaration that the District willfully violated the FLSA when it "paid" compensatory time off in lieu of monetary overtime benefits from April 15, 1986, to October 1, 1987, in the absence of a provision in the parties' collective bargaining agreement providing for such substitution. Because plaintiffs did not commence this action until July 26, 1988, the ordinary two year statute of limitations would bar recovery for approxi-

mately one sixth of the violation period—from April 15 through July 25, 1986. The three year statute of limitations, however, would entitle plaintiffs to damages for the entire period. The District opposes plaintiffs' motion only insofar as the violation applied to sergeants.[1] The basis for this opposition is that "[t]he District has steadfastly maintained" that the sergeants were "bona fide administrative employees"[2] and therefore "exempt from FLSA overtime provisions." Defendant's Opp. at 1–2. For the reasons that follow, we hold that the District willfully violated the FLSA with respect to all plaintiffs except plaintiff-sergeants.

We easily conclude, based on the uncontested affidavit of Gary Hankins[3], that the District knowingly violated the FLSA with respect to those plaintiffs below the rank of sergeant. (We also note that the District has not opposed plaintiffs' motion in this regard.) Discussions between Hankins and District officials concerning implementation of the FLSA overtime provisions began in September 1985, seven months before the provisions became effective,[4] and ten and a half months before the District was obligated to begin making payments.[5] At that time, District officials stated that they intended to treat sergeants as exempt from the FLSA provisions. Hankins Aff. at 2. That statement alone indicates the District's understanding that the overtime provisions applied to plaintiffs below the rank of sergeant. Then, in the summer of 1986, District officials told Hankins that the Police Department would begin complying with the FLSA in August

---

**1.** Although the muddled opening sentence of the District's opposition suggests that the District opposes plaintiffs' motion *in toto*, it is clear that the opposition is limited to the violation as it applied to sergeants. *See* Defendant's Opp.

**2.** 29 U.S.C. § 213(a)(1).

**3.** Gary Hankins is the elected chairman of the Fraternal Order of Police/Metropolitan Police Department Labor Committee, the exclusive representative for the approximately 3,400 offi-

cers and sergeants in the Metropolitan Police bargaining unit.

**4.** The effective date of the FLSA overtime provisions was April 15, 1986. Pub.L. No. 99–150, § 2(c)(1), 99 Stat. 787, 788–89 (1985).

**5.** To accommodate the fiscal years of many state and local governments, Congress authorized these governments to defer until August 1, 1986, actual payment of compensation for overtime worked after April 14, 1986. *Id.* § 2(c)(2),

1986.[6] *Id.* However, in September 1986, District officials told Hankins that "the District had now decided to wait until at least February 1987 to conform with the law because the District was considering upgrading its computer software systems." *Id.*

From this uncontested evidence, it is clear that the District "knew ... [that] its conduct was prohibited by the statute...." *Richland Shoe,* 108 S.Ct. at 1681. The District knew that the FLSA applied, that the overtime provisions became effective on April 15, 1986, and that the grace period for actual payment expired on August 1, 1986. It simply decided not to comply. Therefore, we find that the District willfully violated the FLSA as the Act applied to those plaintiffs below the rank of sergeant. *See id.*

■ With respect to plaintiff-sergeants, however, we conclude that plaintiffs have failed to meet their burden of proving that the District's violation was willful. *See EEOC v. O'Grady,* 857 F.2d 383, 388 (7th Cir.1988) (plaintiffs must make "a sufficient showing of a reckless or knowing violation"). Plaintiffs have introduced no evidence that the District knew that sergeants were not exempt from the FLSA's overtime provisions. In fact, the District consistently claimed that sergeants were exempt. Similarly, plaintiffs have produced insufficient evidence to support a finding of a reckless violation.

Plaintiffs rely principally on our earlier holding that the District failed to act reasonably and in good faith when it decided to treat sergeants as exempt. *See D'Camera II,* 722 F.Supp. at 801 (discussing 29 U.S.C. § 260, which provides for a discretionary award of liquidated damages where the violation was made in good faith and based on reasonable grounds). However, a finding of unreasonableness does not alone support a finding of willfulness. In *Rich-*

*land Shoe,* the Supreme Court expressly rejected a proposed standard that would have allowed a finding of willfulness " 'if the employer, recognizing it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute.' " 108 S.Ct. at 1682. It did so because such a standard would "permit a finding of willfulness to be based on nothing more than negligence ..." *Id.* Providing further guidance in a footnote, the Supreme Court stated: "If an employer acts unreasonably, but not recklessly, in determining its legal obligation," its action should not be considered willful. *Id.* n. 13. Thus, plaintiffs cannot equate a finding of unreasonableness under section 260 with a finding of willfulness under section 255(a).

The remainder of plaintiffs' argument is based on unsubstantiated conjecture about why the District decided to treat sergeants as exempt. We cannot accept such conjecture as proof of reckless disregard. While it is true that the District has never explained in detail how it reached its decision concerning sergeants, plaintiffs bear the burden of proving willfulness. The District is not required to demonstrate that its belief that sergeants were exempt was not reckless. *See O'Grady,* 857 F.2d at 388. Moreover, we do not believe that, during the period of violation, the law was sufficiently settled on exempt employees as to render the District's belief reckless.[7] *Cf. EEOC v. Westinghouse Electric Corp.,* 869 F.2d 696, 713 (3d Cir.) ("While stubborn non-compliance in the face of contrary judicial authority might well constitute willfulness," adherence to a policy when the law is unsettled does not.), *vacated on other grounds,* —— U.S. ——, 110 S.Ct. 37, 107 L.Ed.2d 7 (1989).

Accordingly, it is by the Court this 9th day of January, 1990,

---

99 Stat. 787, 789; *see D'Camera II,* 722 F.Supp. at 802.

**6.** Commencing payment on August 1, 1986, would have been permissible under the statutory grace period. *See supra* note 5.

**7.** Our June 1988 decision that sergeants were not "bona fide administrative employees" because they were not salaried was based on our reading of the applicable regulations, a Department of Labor Letter Ruling, and a case decided in the Northern District of California. *See D'Camera I,* 693 F.Supp. at 1212–13.

ORDERED that the District is liable to pay all plaintiffs below the rank of sergeant unpaid overtime compensation and liquidated damages for the full period from April 15, 1986, to October 1, 1987, plus attorney fees and costs; it is

ORDERED that the District is liable to pay all plaintiff-sergeants unpaid overtime compensation and liquidated damages only for the period from July 26, 1986, to October 1, 1987, plus attorney fees and costs; and it is

FURTHER ORDERED that this action is dismissed with prejudice.