Edgar HARRIS, et al., Plaintiffs,

v.

**DISTRICT OF COLUMBIA, Defendant.**

Civ. A. No. 88–2936.

United States District Court,
District of Columbia.

Oct. 30, 1990.

Carlos M. Recio, Washington, D.C., for plaintiffs.

Herbert O. Reid, Sr., Martin L. Grossman, Cary L. Pollak, Eugene A. Adams, Washington, D.C., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter came before the Court on plaintiffs' motion for an award of liquidated damages and for a declaration that defendant willfully violated the Fair Labor Standards Act. As discussed below, the Court will grant plaintiffs' motion and order the relief requested.

### I. Background

Plaintiffs are eleven supervisory housing inspectors who work for the municipal government of the District of Columbia. They filed this action on October 11, 1988, seeking an award of overtime compensation under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.* Section 207(a) requires that employees be paid one

and one-half times their standard hourly wage when they work in excess of forty hours per week. *Id.* § 207(a).

Defendant District of Columbia ("the District") had refused to pay overtime compensation to plaintiffs, maintaining that plaintiffs work in an executive capacity and are exempt from FLSA's overtime requirement. *Id.* § 213(a)(1). In a memorandum opinion dated April 19, 1990, this Court found against the District and held that plaintiffs were entitled to backpay in the amount of the wrongfully withheld overtime payments. *Harris v. District of Columbia,* 741 F.Supp. 254 (D.D.C.1990) (Mem. Op.). Plaintiffs are now back before this Court seeking an award of liquidated damages in an amount equal to the overtime payments and a declaration that the District willfully violated the provisions of FLSA.

## II. Liquidated Damages

An employer who violates § 207(a) "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Under 29 U.S.C. § 260, however, the Court may, in its sound discretion, reduce or decline to award liquidated damages "if the employer shows to the satisfaction of the court that the act or omission [in violation of FLSA] was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of" FLSA. *Id.* § 260.[1]

■ The District bears a "substantial burden" of proving that its failure to comply with FLSA was in good faith and was predicated upon reasonable grounds. *Laffey v. Northwest Airlines, Inc.,* 567 F.2d 429, 464–65 (D.C.Cir.1976), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). To meet its burden of good faith, the District must show "an honest intention to ascertain what the ... Act requires and to act in accordance with it." *Id.* at

464 (citation omitted); *D'Camera v. District of Columbia,* 722 F.Supp. 799, 800 (D.D.C.1989). It is not enough that the employer probably did not act in bad faith; the "good faith" defense requires the employer to make "an affirmative showing of a genuine attempt to ascertain what the law requires." *Dove v. Coupe,* 759 F.2d 167, 175–76 (D.C.Cir.1985). In addition to this subjective inquiry, the employer must satisfy the objective standard that it have "reasonable grounds" to believe that its actions complied with FLSA. *Laffey,* 567 F.2d at 464; *D'Camera,* 722 F.Supp. at 800.

■ Examining the facts of this case, it is evident that the District has failed to sustain its heavy burden of showing good faith and reasonable grounds for its actions. Credible evidence suggests that the District made no attempt to determine plaintiffs' day-to-day duties, thus making it impossible to determine whether plaintiffs were subject to the "bona fide executive, administrative, or professional" exemption to § 207(a). *See* 29 U.S.C. § 213(a)(1). Indeed, in the earlier bench trial before this Court addressing the issue of the District's FLSA liability, the District presented witnesses who had never "met with plaintiffs or reviewed their duties in detail before making a decision about their status under FLSA." 741 F.Supp. at 259. Similarly, the District employees charged with determining plaintiffs' FLSA status undertook no investigation in support of their findings, and instead "lump[ed] together in the executive class everyone with the word supervisor in their job title." *Id.* at 260. The District's failure to ascertain its employees' duties can be considered neither in good faith nor reasonable grounds for misclassifying those employees for FLSA purposes. *See Day & Zimmermann v. Reid,* 168 F.2d 356, 359–60 (8th Cir.1948).

Moreover, the District knew of FLSA's applicability but made no effort to conform its conduct to the statutory requirements. The District was certainly on notice of

---

1. Even if the District meets its burden under § 260, the Court in its discretion may award plaintiffs liquidated damages. *D'Camera v. Dis-* *trict of Columbia,* 722 F.Supp. 799, 800 n. 1 (D.D.C.1989); *Donovan v. United States Postal Serv.,* 530 F.Supp. 894, 901 (D.D.C.1981).

FLSA's overtime requirements, as it was litigating the very same issues with respect to its police officers when this action was filed. *Wyland v. District of Columbia Gov't*, 728 F.Supp. 35 (D.D.C.1990); *D'Camera*, 722 F.Supp. 799. Additionally, plaintiffs in this case submitted three written inquiries specifically addressing the issue of their entitlement to overtime compensation.[2] They received one response indicating that they were eligible for overtime payments, Pl. Mem. Exh. F,[3] yet no compensation was forthcoming.

The District's claim that its classification decisions were in good faith and reasonable is vague and unconvincing. The District essentially attempts to shift the blame to the federal government, claiming that the Department of Labor's delay in issuing FLSA regulations applicable to municipalities forced the District to incorrectly classify plaintiffs. The District claims that it was forced to rely on these regulations because its personnel system was not implemented until 1980 and because it had no other relevant information available to it.

The District's attempts to justify its actions ring hollow. The District offers no excuse for not attempting to properly classify plaintiffs. Although the information available to it may have been scarce, the District certainly could have reviewed plaintiffs' job responsibilities and made some independent effort to ascertain the appropriate FLSA requirements. The District did neither, instead choosing to passively wait while other entities did its work for it.

The record reflects the District's lack of concern with ensuring that its actions complied with FLSA. This action was not filed until October 1988, approximately two and one-half years after the FLSA effective date. Faced with three plaintiff complaints during this interim, the District should have made some attempt to comply with FLSA. Instead it chose to arbitrarily deny plaintiffs the compensation to which they were entitled.

The District argues that it was unable to adapt its policies to its changing and complex legal responsibilities under FLSA. Yet it was the District's lack of effort rather than the uncertainty of the law that led to the violation of FLSA. As this Circuit has noted:

> [A]mbiguous or complex legal requirements may provide reasonable grounds for an employer's good faith but erroneous belief that he is conformity with the Act. . . . But legal uncertainty, to assist the employer's defense, must pervade and markedly influence the employer's belief; *merely that the law is uncertain does not suffice.*

*Laffey*, 567 F.2d at 466 (emphasis added). Faced with changing legal obligations, the District did little more than throw up its hands and summarily deny even plaintiffs' requests to investigate their eligibility for overtime compensation under FLSA. The District cannot employ a claim of legal uncertainty to hide its own failure to put forth more than a nominal effort to comply with FLSA.

In sum, the Court finds that the District has failed to sustain its "substantial burden" of showing that its classification decisions were made in good faith and upon reasonable grounds. As a consequence, the Court will award plaintiffs liquidated damages in an amount equal to the over-

2. Plaintiffs submit similar written inquiries dating back to 1978. The Court notes that FLSA was not made applicable to the District until the 1985 Supreme Court decision in *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). Following that decision, Congress enacted legislation effectively delaying application of FLSA to states and localities until April 15, 1986. Pub.L. No. 99–150, § 2(c)(1), 99 Stat. 787, 788–89 (1985). The Court declines to read plaintiffs' pre–1985 inquiries as raising issues under FLSA.

3. The response, issued on "Government of the District of Columbia" letterhead, is a memorandum to Edgar Harris from Jacqueline L. Davidson, Administrator, dated May 7, 1986. It states that according to current District practice and in view of Harris' employment grade (DS–10, Step 07), he would be eligible for overtime pay. The memorandum also states that supervisors are not entitled to overtime under FLSA.

time payments they are to receive from the District.[1]

### III.  Willfulness

■ Plaintiffs next ask the Court to declare that the District willfully violated FLSA. FLSA provides for a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). Thus, a declaration of willfulness would allow plaintiffs to seek backpay and liquidated damages dating back to April 15, 1986, approximately six months earlier than if no willful violation is found.[5]

The Supreme Court enunciated the standard for a finding of "willfulness" in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). In that case, the Court noted that "the word 'willful' is considered synonymous with such words as 'voluntary,' 'deliberate,' and 'intentional.'" *Id.* 108 S.Ct. at 1681 (citation omitted). "The word 'willful' ... is generally understood to refer to conduct that is not merely negligent.... The standard [is] ... that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute ..." *Id.*

There is ample evidence on this record to lead the Court to conclude that the District willfully violated the overtime provisions of FLSA. As noted *supra*, the District was clearly aware of FLSA's overtime requirements through its involvement in substantially similar litigation with its police officers. Even more damaging to the District is the letter of Jacqueline Davidson, *supra* n. 3, acknowledging that plaintiff Harris was entitled to overtime pay. That letter was dated May 7, 1986—less than one month after FLSA had gone into effect—and yet the District made no effort to compensate plaintiffs prior to the commencement of this litigation in October 1988. The Davidson letter also belies the District's argument that it inadvertently classified plaintiffs as "executives," because it informs Harris of his entitlement to overtime while simultaneously noting that "supervisors" are not entitled to overtime payments under FLSA.

Quite simply, the District knew of FLSA's requirements, knew that its failure to pay plaintiffs for overtime violated FLSA, and decided not to remedy its misconduct. *See Wyland*, 728 F.Supp. at 37 (willful violation when District knew FLSA applied and decided not to comply). At best, the District's actions can be characterized as "reckless disregard" for whether these plaintiffs were adequately compensated pursuant to the FLSA requirements. For these reasons, the Court finds that the plaintiffs have sustained ⸍their burden of showing that the District willfully violated FLSA and that plaintiffs may seek backpay and liquidated damages for wrongfully withheld overtime payments as of April 15, 1986.

### IV.  Conclusion

For the foregoing reasons, the Court grants plaintiffs' motion for liquidated damages equal to all uncompensated overtime worked from April 15, 1986 to the present and declares that the District willfully violated the Fair Labor Standards Act, 29 U.S.C. § 207.

---

**4.** The amount of overtime payments due plaintiffs has not yet been resolved.

**5.** Plaintiffs acknowledge that even if the Court finds the District's violation to be willful, they can claim damages only back only to the effective date of FLSA, April 15, 1986.