**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2312

UNITED STATES OF AMERICA,

Appellee,

v.

DANIEL DELPIANO,

Defendant, Appellant.

[Hon. Joseph L. Tauro, U.S. District Judge]

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Before

Selya, Lynch and Howard,
Circuit Judges.

Jerome J. Froelich, Jr., and McKenney & Froelich on brief for
appellant.
Carmen M. Ortiz, Assistant U.S. Attorney, and Michael J.
Sullivan, United States Attorney, on brief for appellee.

May 26, 2006

**Per Curiam**.  Daniel DelPiano pled guilty to conspiring with others to defraud a commercial lender, Microfinancial, Inc., into providing his company, Premier Holidays International, Inc., with a line of credit of $12 million.[1]  After United States v. Booker, 543 U.S. 220 (2005), DelPiano was sentenced to 60 months' imprisonment, the statutory maximum, which was three months below the bottom of the otherwise applicable guideline sentencing range. On appeal, DelPiano challenges his sentence on the sole ground that the sentence imposed is contrary to the court's findings in his favor at the sentencing hearing.  Notably, he does not argue that the district court failed to make factual findings on disputed issues, made factual or legal errors in applying the guidelines,[2] or imposed an unreasonably high sentence under Booker.

The district court's "reasoning can . . . be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did."  United States v. Jiménez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006) (en banc); see

[1]The details of this fraudulent scheme are set forth in this court's affirmance of a $23 million civil judgment against DelPiano's company arising from the same scheme, Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 75-76 (1st Cir. 2004).

[2]In the district court, DelPiano argued that one of his two prior convictions should not have been counted in determining his criminal history category because he was not sentenced to imprisonment or probation but only required to pay a fine.  On appeal, he alludes to, but does not brief, that argument. Therefore, we need not address it. Lupien v. City of Marlborough, 387 F.3d 83, 89 n.4 (1st Cir. 2004).

-2-

also <u>United States</u> v. <u>Cruz</u>, 981 F.2d 613, 618 (1st Cir. 1992). Because the court imposed a guidelines sentence, it was not required to state its reasons with specificity in the written judgment.  <u>See</u> 18 U.S.C. § 3553(c).  Its reasoning is fully consistent with the sentence imposed.

In particular, we infer that the district court rejected DelPiano's request for an acceptance-of-responsibility reduction for the primary reason argued by the government--DelPiano's failure to provide complete and accurate information about his financial situation.  That failure was fully detailed in the presentence report.  Although DelPiano's counsel took the "position [that DelPiano] provided the financial information," he offered no evidence to contradict the contrary findings of the presentence report, with which the district court was familiar and whose findings the court adopted in its written statement of reasons. We further infer that the district court was not sufficiently impressed by the limited extent of DelPiano's cooperation, as described by a testifying government agent, to grant an acceptance-of-responsibility reduction on that ground.  Because the district court's denial of an acceptance-of-responsibility reduction was consistent with these implicit reasons, it is immaterial that the court expressly declined to rely on DelPiano's recent arrest as a further reason for declining to grant such a reduction.

As to calculation of the criminal history category--the only other disputed issue--we infer that the district court relied on the calculations contained in the presentence report, which placed DelPiano in criminal history category II based on his two prior convictions, and that it rejected DelPiano's argument that one of the convictions should not be counted for the same reasons stated by the probation officer in overruling DelPiano's objection to the presentence report on that ground. DelPiano's contention that the district court agreed with his argument on that point is not supported by the transcript of the sentencing hearing. Taken in context, it is apparent that the court was agreeing to disregard only DelPiano's recent arrest--not his prior conviction.

We further infer that the court agreed with the government's arguments that a 60-month sentence was further warranted "based on other factors . . . under [18 U.S.C. §] 3553(a) . . ., not only just the seriousness of the offense but the background and characteristics of the defendant and trying to reflect a sentence that [provides] just punishment for the offense." DelPiano made no argument that the statutory factors warranted a lesser sentence.

Given the above inferences, all of which are supported by the record, there is no inconsistency between the district court's reasoning and the 60-month sentence imposed. Nor is there any

inconsistency between the district court's written statement of reasons and its oral statements at sentencing.

Accordingly, the sentence is summarily affirmed. See 1st Cir. R. 27(c).