**Gary O'BRIEN, et al., Plaintiffs**

**v.**

**TOWN OF AGAWAM and Agawam Police Department, Defendants.**

**Civil Action No. 01–30126–MAP.**

United States District Court, D. Massachusetts.

June 20, 2007.

John D Connor, Moriarty & Connor, Springfield, MA, for Plaintiffs.

David A. Robinson, Springfield, MA, for Defendants.

### MEMORANDUM AND ORDER REGARDING DAMAGES

PONSOR, District Judge.

Plaintiffs, current and former patrolmen in the Town of Agawam, have brought this action against the Town and the Agawam Police Department (collectively, the "Town" or "Defendants") under the Fair Labor Standards Act ("FLSA" or "the Act"), 29 U.S.C. §§ 201 *et seq.* The court initially allowed Defendants' motion for summary judgment, but on appeal the

First Circuit remanded the case, in part, ruling that the Town must include certain wage augments in Plaintiffs' "regular rate" for the purposes of FLSA overtime calculation. *See O'Brien v. Town of Agawam,* 350 F.3d 279, 294–97 (1st Cir.2003) *(O'Brien I).*[1] The First Circuit also held

> that the Town must include the time required for officers to attend roll-call in the officers' weekly hours worked, that it must compensate the officers accordingly (including overtime premiums when applicable), and that such compensation shall not be delayed longer than the first pay day after the amount can practicably be determined.

*Id.* at 298.

On July 14, 2006, this court allowed Plaintiffs' motion for summary judgment as to liability and instructed the parties to submit briefs setting forth their respective positions as to the amount of damages incurred by Plaintiffs from July 1, 1999 through July 31, 2005. *See O'Brien v. Town of Agawam,* 440 F.Supp.2d 3, 6–8 (D.Mass.2006) *(O'Brien II); see also O'Brien v. Town of Agawam,* 482 F.Supp.2d 115 (D.Mass.2007) *(O'Brien III )* (denying Defendants' motion for reconsideration).

A review of these submissions reveals three issues that must be resolved in order to determine the extent of Defendants' liability: (1) whether Defendants are entitled to a credit for roll call payments; (2) whether 29 U.S.C. § 207(k) bars recovery for the four Plaintiffs who work a five-days-on, two-days-off workweek; and (3) whether some or all of the overtime payments Plaintiffs received that were not required by the FLSA may be credited against deficiencies under the Act.

Addressing these issues does not require a detailed recitation of the facts in this case.[2] For present purposes, it suffices to state that Plaintiffs work 1950 straight-time hours per year and spend an additional ten minutes per shift at roll call.

While Plaintiffs Jennifer Blanchette, John Field, Karen Langevin, and Andrew Parrelli work a standard five-days-on, two-days-off workweek, the other Plaintiffs all work "a repeating cycle of four consecutive days on duty followed by two consecutive days off duty." *O'Brien I,* 350 F.3d at 282. As a result, most Plaintiffs are scheduled to work thirty-two hours and forty minutes in some weeks and forty hours and fifty minutes in others.[3]

Under the terms of two Collective Bargaining Agreements ("CBAs"), Plaintiffs who work longer than a single shift on any given day, or otherwise must be on-duty when they are scheduled to be off-duty, receive "contractual overtime" pay at the rate of time and one-half. For the time period in question, the Town determined contractual overtime by dividing an officer's annual salary by 1950, then multiplying the resulting rate by 1.5.

Because the undisputed evidence demonstrated that in calculating this rate the Town neither included the wage augments

---

**1.** The First Circuit affirmed this court's determination that Defendants were entitled to summary judgment with respect to the claims of supervisory officers. *See O'Brien I,* 350 F.3d at 281.

**2.** A comprehensive recitation of the background of this case may be found in *O'Brien I,* 350 F.3d at 282–84, and *O'Brien II,* 440 F.Supp.2d at 6–8.

**3.** The four officers who work on a more traditional "seven-day cycle of five days on duty followed by two days off duty ... receive additional time off during the year so that their total straight-time hours do not exceed 1950." *O'Brien I,* 350 F.3d at 282 n. 4.

noted above nor accounted for roll call time, the court found the Town liable for violating the FLSA in those weeks where Plaintiffs were scheduled to work five shifts.

Plaintiffs did not seek damages for weeks in which they were scheduled to work four shifts due to the fact that FLSA overtime is only available when an employee works more than forty hours in a week. See 29 U.S.C. § 207(a)(1); *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 7 (1st Cir.1997) ("[O]vertime" means "employment in excess of 40 hours in a single workweek" for FLSA purposes.). While it appears that some Plaintiffs did work more than forty hours in weeks where they were only scheduled to work thirty-two hours and forty minutes, Plaintiffs acknowledged that the premium portion of the contractual overtime the Town paid in those weeks would completely offset any overtime that might be due under the Act. *O'Brien II*, 440 F.Supp.2d at 9 n. 7.

For its part, the Town conceded, and continues to concede, that Plaintiffs are entitled to the difference, if any, between overtime payments the Town made pursuant to the CBAs and overtime payments it should have made pursuant to the FLSA. As noted above, in order for the parties to calculate what this amount is, three issues must be addressed.

Turning first to the question of roll call payments, the Town contends that in those weeks where Plaintiffs worked five regularly scheduled shifts their attendance at roll call resulted in them working more than forty hours. Since Plaintiffs received an annual lump sum payment for the ten minutes per shift that they spent at roll call, the Town maintains that this payment constitutes overtime pay, which is creditable against its overtime deficiencies.

The FLSA provides that the following categories of "extra compensation" may be credited toward overtime due under the Act: (1) compensation for excess hours, (2) compensation for weekend and holiday work, and (3) compensation pursuant to a collective bargaining agreement. 29 U.S.C. § 207(h)(2) (citing 29 U.S.C. §§ 207(e)(5)-(7)). However, to qualify as a credit, the extra compensation in question must be paid at "a premium rate," which cannot be "less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek." 29 U.S.C. § 207(e)(7).

In this case, it is clear that the roll call payments made by the Town are "less than one-and-one-half times the officers' regular rate of pay." *O'Brien I*, 350 F.3d at 297. Consequently, Defendants are not entitled to a credit for roll call payments.

Regarding the second issue, the crucial question is whether the FLSA's partial exemption for law enforcement officers applies to the four Plaintiffs who work five days on and two days off per week. Under this provision, a municipality is not required to pay a law enforcement officer overtime until the officer has worked forty-three hours in a seven-day work period. 29 U.S.C. § 207(k).

While the municipality bears the burden of showing that it has adopted a "qualifying work period," this requirement "is ordinarily not a high hurdle." *O'Brien I*, 350 F.3d at 291 n. 21. Indeed, "[v]irtually any bona fide, fixed, recurring period of [seven] days will suffice." *Id.* (citing 29 C.F.R. § 553.224(a)).

According to Plaintiffs, by invoking the Act's law enforcement exemption the Town

> seeks nothing less then to re-litigate what was firmly decided by the First Circuit Court of Appeals. Indeed, the First Circuit specifically held that the employer in this case did not adopt a

qualifying § 207(k) work period.... That determination applied to all plaintiffs and thus the law of the case prohibits any re-litigation of the issue.

(Dkt. No. 102, Pls.' Reply 4 (citation omitted).)

This contention is incorrect. Based on the record before it, the Court of Appeals concluded that the Town was not entitled to the § 207(k) exemption with respect to those officers who worked "repeating *six*-day cycles of four days on-duty followed by two days off-duty." 350 F.3d at 291 (emphasis in original). However, the First Circuit also stated that:

> The officers acknowledge in their brief that notwithstanding the CBAs, a few officers worked repeating cycles of *five* days on-duty followed by two-days off-duty. We cannot determine from the record whether the Town in fact adopted a seven-day work period as to these individual officers.... This issue remains open to the Town on remand.

350 F.3d at 292 (emphasis in original).

In an attempt to show that it has in fact adopted a seven-day work period as to Blanchette, Field, Langevin, and Parrelli, the Town has offered a letter from Plaintiffs' counsel that states, "I have been advised that there are 4 individuals who work straight 40 hours per week and are not on a 4 and 2 shift rotation." (Dkt. No. 95, Letter from John Connor, Esq. to David A. Robinson, Esq. 3 n. 5 (June 11, 2004)

(citing Blanchette, Field, Langevin, and Parrelli).)

■ This document, generated by Plaintiffs after the First Circuit rendered its decision, demonstrates that the Town has adopted a qualifying work period with respect to the four Plaintiffs in question. Since it is undisputed that the contractual overtime payments these Plaintiffs received exceed the overtime payments required by § 207(k), they are not entitled to any damages for the time period in question.

The third and final disputed issue concerns the effect of contractual overtime payments that the remaining Plaintiffs received for weeks in which they worked less than forty hours. The Town maintains preliminarily that *any* contractual overtime it paid in these weeks should reduce its overall FLSA liability.[4]

This contention can be disposed of summarily. As the *O'Brien I* court made clear,

> only the *premium* portion of the contractual overtime rate (that is, the amount in excess of the employee's regular rate) is deemed "overtime" pay and may be offset against any statutory overtime liability in the same week. 350 F.3d at 289 (emphasis in original).

The Town maintains, as a fallback position, that it is entitled to credit, at least, for the premium portions of overtime pay-

---

4. For example, the Town contends that it is entitled to a credit of $111.03 for the four hours of contractual overtime it paid to Plaintiff Peter Bertera for the week ending on July 24, 1999. (Dkt. No. 98, Defs.' Mem. in Resp. to Pls.' Calculation of Damages 11.) Indeed, the Town maintains that

> The FLSA did not require the town to pay Bertera at all for those four hours. Had the town paid him nothing for those 4 hours, the town still would have been in full compliance with the FLSA because the town

paid him a salary of $693.92 that week. So long as the salary ($693.92) divided by the number of hours he worked that week (he worked 36 hours that week) was enough to satisfy the minimum wage requirement of the FLSA ... the town was in compliance with the FLSA even if the town paid Bertera nothing for his four hours of overtime that week. Thus, the full $111.03 can be used against ... FLSA liability in other weeks....

(*Id.* at 11–12 (footnote omitted).)

ments made during weeks when Plaintiffs worked only thirty-two hours. This is a more difficult question.

While the FLSA provides that contractual overtime payments may be credited toward overtime compensation due under the Act, *see* 29 U.S.C. § 207(h); 29 U.S.C. § 207(e)(7), neither the plain language of the statute nor Department of Labor ("DOL") regulations address when this credit may be used.

Given the absence of clear guidance from the statute's drafters or enforcers, it is perhaps not surprising that courts confronting the issue have reached different conclusions. *Compare, e.g., Herman v. Fabri–Centers of America, Inc.*, 308 F.3d 580, 589 (6th Cir.2002), *cert. denied, Fabri–Centers of America, Inc. v. Chao*, 537 U.S. 1245, 123 S.Ct. 1353, 155 L.Ed.2d 219 (2003) (concluding that " § 207(h)(2) should be interpreted to include a workweek or work period restriction"), *and Howard v. City of Springfield*, 274 F.3d 1141, 1148–49 (7th Cir.2001) (refusing to permit application of cumulative credits based, in part, on concern that employers might manipulate overtime payments to take advantage of economic conditions), *with Singer v. City of Waco*, 324 F.3d 813, 826–28 (5th Cir.2003), *reh'g denied*, 67 Fed.Appx. 250 (5th Cir.2003), *cert. denied*, 540 U.S. 1177, 124 S.Ct. 1406, 158 L.Ed.2d 77 (2004) (offsetting "overpayments" made by municipality during 96–hour work periods against "shortfalls" during 120–hour work periods), *and Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473, 1481 (11th Cir.1990) (crediting *"all* previously paid overtime premiums . . . against any overtime compensation found to be due and owing . . . ." (emphasis in original)).

Although the First Circuit initially declined to cast its lot with either line of authority, *see O'Brien I*, 350 F.3d at 298 (characterizing the district court as "the proper forum for litigation of damages and related remedy issues in the first instance"), its subsequent decision in *Lupien v. City of Marlborough*, 387 F.3d 83 (1st Cir.2004), suggests a preference for the pro-credit position articulated by the Fifth and Eleventh Circuits.

In *Lupien*, the plaintiffs were police officers who alleged that the City of Marlborough and its police department operated a compensatory time ("comp time") system that violated § 207(*o*) of the FLSA. The system in question provided that if police officers chose to accept comp time off as a substitute for cash overtime compensation, comp time would be earned at a rate of 1.5 hours for every hour of overtime worked. *Id.* at 85.

While the defendants conceded that certain restrictions on how officers could use the accrued comp time system violated the FLSA, they contested the plaintiffs' method of calculating damages, which "essentially disregarded the value of any comp time which was accrued by an officer for overtime but which was not actually used until after the workweek in which such comp time was earned." *Id.* at 86.

Citing *Roman v. Maietta Constr., Inc.*, 147 F.3d 71 (1st Cir.1998), the district court rejected the plaintiffs' theory of damages, finding that "paid comp time could be deducted from an award of back pay under the FLSA, and that the plaintiffs' compensatory damages should be limited to the value of the unpaid comp time then existing." *Lupien*, 387 F.3d at 87.

On appeal, the plaintiffs maintained that the district court erred in failing to recognize that *O'Brien I* overruled *Roman*. According to the *Lupien* plaintiffs, *O'Brien I* stood for the proposition that "computation of the amount owed to the plaintiffs for unpaid overtime compensation under the FLSA should be done week-by-week with-

out offset for comp time taken outside the seven-day workweek in which [the City's] unpaid overtime compensation liability was incurred." *Lupien,* 387 F.3d at 88 (internal quotation marks omitted).

The First Circuit disagreed. The *Lupien* court pointed out that *O'Brien I* focused exclusively on "how liability under the FLSA for unpaid wages should be determined" and did not address the "analytically distinct" issue of "remedy." *Id.* at 88–89.

Because the *Lupien* plaintiffs' method of calculating compensatory damages would have provided them with "a windfall at the [defendants'] expense"—a result inconsistent with the FLSA's goal of making employees whole—the Court of Appeals held that the calculation of damages caused by an unlawful comp time system must account for comp time paid by the employer, even if that comp time was not used by the employee in the same week it was earned. *Id.* at 90 (quoting *Roman,* 147 F.3d at 77). The First Circuit's holding parallels a line of cases permitting employers to credit premium payments outside the pay period "on the basis that limiting credits to a pay period would grant the plaintiffs a windfall." *Bell v. Iowa Turkey Growers Co-op.,* 407 F.Supp.2d 1051, 1063 (S.D.Iowa 2006) (citations omitted).

■ In this case, Plaintiffs maintain that limiting the premium payments which the Town can use to reduce its liability will not result in a "windfall" to them. On the contrary, Plaintiffs contend that each workweek must be viewed independently to prevent the Town from being "placed in a substantially better position than if it had complied with the overtime requirements of the FLSA all along." *Howard v.*

*City of Springfield,* 274 F.3d 1141, 1148 (7th Cir.2001).

Given the fact that FLSA violations typically result in an award of liquidated damages in an amount equal to unpaid overtime compensation, *see* 29 U.S.C. § 216(b),[5] it is difficult to see how permitting an employer to use contractual premium overtime payments to offset FLSA overtime compensation owed would encourage noncompliance with the Act. On the other hand, "[f]orcing an employer, who has given a premium rate of pay for overtime, to forego the receipt of credit and to pay additional overtime punishes the employer without regard to whether it was attempting to avoid its obligation to adequately compensate employees for extra hours worked." *Howard,* 274 F.3d at 1150 (Mannion, J., dissenting) (citation omitted).

Based on the equitable principles articulated in *Lupien,* this court must conclude that the most prudent course is to find that the Town is entitled to offset its FLSA liability with the premium portion of contractual overtime payments it made to Plaintiffs who worked less than forty hour weeks.

In conclusion, the court hereby instructs the parties to recalculate the amount of damages incurred by Plaintiffs from July 1, 1999 through July 31, 2005 in light of the following rulings: (1) Defendants are not entitled to a credit for roll call payments; (2) Defendants are entitled to the 29 U.S.C. § 207(k) exemption with respect to Plaintiffs Jennifer Blanchette, John Field, Karen Langevin, and Andrew Parrelli; and (3) Defendants are entitled to credit the *premium* portions of all contractual overtime payments regardless of when the premiums were paid and when the overtime work occurred.

---

**5.** It bears noting that the court has already indicated that Plaintiffs are entitled to such an

award. *See O'Brien II,* 440 F.Supp.2d at 15; *O'Brien III,* 482 F.Supp.2d at 120.

Counsel shall submit supplemental memoranda containing these recalculations no later than July 20, 2007. These submissions will calculate the proper award of monetary damages through July 31, 2005.

Also by July 20, 2007, counsel will submit memoranda applying the same principles for the period up to July 31, 2005, for the period from August 1, 2005 to the present. Counsel may also propose an award figure for liquidated damages. Upon receipt of these briefs, the court will enter final judgment for Plaintiffs in a specific amount and close the case.

It is So Ordered.