# United States Court of Appeals
## For the First Circuit

No. 21-1785

UNITED STATES OF AMERICA,

Appellee,

v.

STEFAN R. GAUTHIER,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Steven J. McAuliffe, U.S. District Judge]

Before

Kayatta and Howard, Circuit Judges,
and Walker, District Judge.*

Donna J. Brown for appellant.
Alexander S. Chen, Assistant United States Attorney, with
Jane E. Young, United States Attorney, and Seth R. Aframe,
Assistant United States Attorney, on brief, for appellee.

November 18, 2022

* Of the District of Maine, sitting by designation.

**WALKER**, **District Judge**.  After trial in the United States District Court for the District of New Hampshire, a jury convicted Stefan R. Gauthier of two counts of possession with intent to distribute methamphetamine but acquitted him of two related firearm charges.  At sentencing, Gauthier requested credit for accepting responsibility for the two offenses of conviction because he had offered to plead guilty to those offenses and, following the failure of that effort, declined to contest the offenses at trial.  The District Court denied Gauthier's request, concluding that Gauthier's failure to plead guilty to the offenses of conviction or stipulate to his culpability at trial belied his claim to have accepted responsibility for the offenses at issue.  We see no error in the District Court's determination, and affirm the sentence below.

I.

On November 1, 2018, law enforcement officers observed Stefan R. Gauthier passed out behind the wheel of a pickup truck in Tilton, NH.  Officers approached Gauthier and, upon discovering that his license was suspended, searched him.  Gauthier was found to be in possession of 0.659 grams of methamphetamine and $1,375 in cash, and was arrested.  In a subsequent search of the pickup truck, law enforcement identified an additional 356 grams of methamphetamine, $1,500 in cash, drug paraphernalia including baggies and a digital scale, and a .22 caliber firearm.  One month

later, on December 2, 2018, law enforcement discovered Gauthier passed out behind the wheel of a different vehicle, arrested him, and found 111.1 grams of methamphetamine in his possession.

Based on this conduct, a grand jury indicted Gauthier on two counts of possession of methamphetamine with intent to distribute. The grand jury also indicted Gauthier on one count of being a felon in possession of a firearm and one count of possessing a firearm in furtherance of a drug trafficking crime, both stemming from the presence of the firearm recovered from the vehicle during Gauthier's November arrest. Finally, the grand jury indicted Gauthier on an unrelated charge of unlawfully distributing fentanyl, based on an informant's assertion that Gauthier provided fentanyl that resulted in the fatal overdose of a local man identified as N.R.

Defense counsel attempted unsuccessfully to negotiate a plea agreement. Gauthier admitted that he was guilty of the two methamphetamine charges and indicated his willingness to enter a guilty plea as to those counts. However, Gauthier refused to plead guilty on the firearm charges, insisting that the gun belonged to his girlfriend. Gauthier also maintained that he had not provided the fentanyl that killed N.R. and declined to plead guilty on that charge. The record suggests that Gauthier attempted to negotiate the dismissal of one or both of the firearm charges and the fentanyl charge in exchange for pleading guilty to the

methamphetamine charges. Prosecutors were unwilling to accept Gauthier's proposed terms.

On the eve of trial, the government moved to dismiss without prejudice the fentanyl count against Gauthier. The court granted the government's motion.

At trial on the methamphetamine and firearm counts the parties stipulated as to several factual elements of the offenses, including stipulating as to the amount, identity, and authenticity of the methamphetamine found in Gauthier's possession. Gauthier did not stipulate that he possessed or that he intended to distribute the methamphetamine -- necessary elements of the offenses with which he was charged -- nor did he admit, at any point during the trial, that he was guilty of any of the counts before the court. However, Gauthier did not attempt to rebut the government's arguments regarding the methamphetamine offenses and defense counsel instead focused the examination of the government's witnesses on issues related to the firearm offenses. After a brief trial, the jury convicted Gauthier of both counts of possession of methamphetamine with intent to distribute, but acquitted him of both firearm counts.

In advance of sentencing, Gauthier raised a number of objections to the calculation of his offense level reflected in the presentence investigation report. Specifically, Gauthier requested a two-level reduction in offense level for acceptance of

responsibility, arguing that he was entitled to the reduction in this instance because he had admitted his guilt to prosecutors, stipulated to the basic factual elements of the methamphetamine offenses, and enrolled in drug rehabilitation programs following his arrests. However, defense counsel admitted to the judge at sentencing that Gauthier's decision to proceed to trial on all of the counts, rather than pleading guilty to the methamphetamine charges while taking the firearm and fentanyl counts to trial, had been a "tactical" judgment. Gauthier further objected to the sentencing report's inclusion of the fentanyl charge that had been dismissed and the firearm charges of which he had been acquitted, charges that the report characterized as relevant conduct for the purpose of sentencing.

The government, for its part, opposed Gauthier's objections. With respect to the acceptance of responsibility credit, the government argued that Gauthier's failure to plead guilty to the methamphetamine offenses precluded the availability of the sentencing credit. The government also argued that Gauthier's denial of responsibility for other relevant conduct -- specifically, the fentanyl charge that was dismissed on the eve of trial -- would render him ineligible for the acceptance of responsibility credit even if he had otherwise expressed contrition with respect to the methamphetamine offenses.

Based on this record, the sentencing judge determined that Gauthier was not entitled to the acceptance of responsibility credit. The District Court sentenced Gauthier to 180 months imprisonment, within the Sentencing Guideline range of 168 to 210 months and below the government's recommendation of 210 months.

Gauthier now appeals his sentence, arguing that the District Court erred in denying him credit for acceptance of responsibility.

II.

When reviewing a sentence on appeal, "we assay the district court's factfinding for clear error and afford de novo consideration to its interpretation and application of the sentencing guidelines." United States v. Flores-Machicote, 706 F.3d 16, 20 (1st Cir. 2013). Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," U.S.S.G. § 3E1.1 cmt. n.5 (U.S. Sentencing Comm'n 2021), we will set aside the district court's determination only if it lacks an "articulable basis or foundation" in the record. United States v. Bennett, 37 F.3d 687, 696 (1st Cir. 1994).

The Guidelines provide for a two-level decrease in a defendant's offense level where "the defendant clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). "In determining whether a defendant qualifies" for the sentencing reduction, a sentencing judge makes a holistic assessment based on a defendant's post-offense conduct

- 6 -

as well as his statements about the crime of conviction and other relevant conduct.  See U.S.S.G. § 3E1.1 cmt. n.1.

A defendant who is convicted at trial after denying "essential factual elements of guilt" generally is not entitled to the acceptance of responsibility reduction.  U.S.S.G. § 3E1.1 cmt. n.2.  A "conviction by trial . . . does not automatically preclude" a finding of acceptance of responsibility.  Id.  But "proceeding to trial creates a rebuttable presumption" that the defendant has not accepted responsibility, which the defendant bears the burden of overcoming.  United States v. Garrasteguy, 559 F.3d 34, 38-39 (1st Cir. 2009).  As a result, we generally will "sustain a district court that denies acceptance of responsibility to a defendant who declined to plead guilty."  United States v. De Leon Ruiz, 47 F.3d 452, 456 (1st Cir. 1995).

In "rare situations," a defendant may be found to have "clearly demonstrate[ed] an acceptance of responsibility for his criminal conduct" despite having "exercise[d] his constitutional right to a trial."  U.S.S.G. § 3E1.1 cmt. n.2.  By way of example, the guideline commentary states that a defendant who goes to trial to raise "issues that do not relate to factual guilt" -- such as challenges to the constitutionality or applicability of a statute -- may be entitled to the acceptance of responsibility credit.  Id.  But this is merely an example, see De Leon Ruiz, 47 F.3d at 455, and we have previously recognized that a defendant who fails

to acknowledge his factual guilt may be entitled to the acceptance of responsibility credit "in unusual circumstances." United States v. Hines, 196 F.3d 270, 274 (1st Cir. 1999).

Gauthier argues that his attempt to negotiate a guilty plea and his stipulation as to certain elements of the methamphetamine offenses present one such unusual circumstance. But our precedents, and persuasive authority from our sister circuits, belie that contention. We have never reversed a district court's denial of the acceptance of responsibility credit where a defendant failed to admit factual guilt at or before trial. Cf. United States v. Ellis, 168 F.3d 558, 560, 564-65 (1st Cir. 1999) (remanding for resentencing where the defendant admitted in his opening argument and during his testimony his role in one crime of which he was convicted and the district court's reasoning for denying the credit at sentencing was unclear).

As for persuasive authority from sister circuits, we have considered three cases involving remands for resentencing based on the acceptance of responsibility credit despite the defendants' failure to admit guilt through a plea or at trial. However, all three involved factual circumstances dissimilar to our own and in two the courts also analyzed a prior version of the sentencing guidelines containing the following provision that has since been removed: "A defendant may be given consideration under this section without regard to whether his conviction is based upon a guilty

plea or a finding of guilt by the court or jury or the practical certainty of conviction at trial." U.S.S.G. § 3E1.1(b) (1990, 1991). See United States v. Guerrero-Cortez, 110 F.3d 647, 656 (8th Cir. 1997) (remanding for reevaluation of acceptance credit where defendant offered to plead guilty to trafficking two kilograms, the government refused the offer absent a plea involving five kilograms, and the court ultimately found defendant responsible for two kilograms)[1]; United States v. McKinney, 15 F.3d 849, 851-52 & nn.2-3 (9th Cir. 1994) (relying on prior guidelines provision and remanding with instruction to award acceptance credit where defendant tried, both before and after jury selection, to change his plea to guilty but the court denied him the opportunity); United States v. Rodriguez, 975 F.2d 999, 1008 (3d Cir. 1992) (relying on prior guidelines provision and remanding for reevaluation of acceptance credit where the government revoked two co-defendants' plea agreements after it failed to reach a plea agreement with the third co-defendant).[2]

---

[1] The defendant in Guerrero-Cortez attempted to plead guilty to a drug crime involving a specified lesser quantity (of which he was ultimately convicted), whereas Gauthier attempted to plead guilty to drug crimes (of which he was convicted), but only if the government dismissed the related firearm counts. Unlike the defendant in Guerrero-Cortez, who would have but practically could not have plead guilty to his ultimate crime of conviction, Gauthier could have but chose not to for tactical reasons.

[2] Rodriguez also specifically held, in contrast to the facts of the instant case, that the trial court "fail[ed] to consider the

By contrast, where, as here, a defendant "retain[s] the option to plead guilty" to one or more charges while contesting others, and instead chooses "to roll the dice," a sentencing court acts within its discretion in finding that the defendant is not entitled to the acceptance of responsibility credit. De Leon Ruiz, 47 F.3d at 455.

We see ample support in the record for the District Court's finding that Gauthier had the opportunity to plead guilty and accept all of the factual elements of the offenses of conviction but failed to do so. The District Court noted that Gauthier stipulated to the amounts and identity of the methamphetamine seized from his person and did not otherwise contest the Government's argument with respect to the methamphetamine charges. But the District Court reasonably concluded that this only amounted to a partial acceptance of responsibility, given Gauthier's failure to admit to possessing either the methamphetamine or the intent to distribute it. Furthermore, defense counsel acknowledged at sentencing that Gauthier could have plead guilty on the methamphetamine charges while contesting the fentanyl and firearm charges, and stated that "from a tactical viewpoint [counsel] felt it was better" for Gauthier to proceed to trial on all charges. As we have previously made clear, this sort of pre-

reasons for which [the defendants] refused to plead." 975 F.2d at 1009.

trial calculation is strong evidence militating against credit for acceptance of responsibility. See De Leon Ruiz, 47 F.3d at 455. Based on this record, it was not error to deny Gauthier the acceptance of responsibility credit.[3]

III.

For the foregoing reasons, the District Court's order sentencing Gauthier to 180 months in prison is **affirmed**.

---

[3] To the extent that the Appellant argues that the District Court mistakenly believed that it was precluded from awarding the acceptance of responsibility credit where no guilty plea was entered, we find this argument unpersuasive. In his sentencing brief, as here, Gauthier heavily relied upon the relevant guidelines commentary to establish that "[c]onviction by trial . . . does not automatically preclude a defendant from consideration for [the acceptance] reduction." U.S.S.G. § 3E1.1 cmt. n.2. At sentencing, the District Court expressly noted that it had read Gauthier's brief, but that it agreed with the government that Gauthier was not entitled to the credit because he did not stipulate to essential elements of the charges against him. We can infer from this record that the District Court understood and applied the correct standard but concluded that Gauthier's conduct did not warrant credit for acceptance of responsibility. See United States v. Jiminez-Beltre, 440 F.3d 514, 519 (1st Cir. 2006), abrogated on other grounds, Rita v. United States, 551 U.S. 338 (2007) ("[A] court's reasoning can often be inferred by comparing what was argued by the parties or contained in the pre-sentence report with what the judge did."); see also United States v. DelPiano, 183 F. App'x 9, 10-11 (1st Cir. 2006) (unpublished) (inferring that the sentencing court "rejected [defendant's] request for an acceptance-of-responsibility reduction for the primary reason argued by the government," where its denial "was consistent with [those] implicit reasons"). This situation stands in contrast to that in Ellis, in which this court vacated the defendant's sentence and remanded for resentencing in part because it was "possible" that the district court had misunderstood and incorrectly applied the standard contained in U.S.S.G § 3E1.1. United States v. Ellis, 168 F.3d 558, 560 (1st Cir. 1999).